IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL FRASIER | : |
|     Petitioner | : |
| | : |
| v. | :    Criminal No. L-05-570 |
| | :    Civil No. L-08-2073 |
| UNITED STATES OF AMERICA | : |
|     Respondent | : |
| | : |
| | : |

**MEMORANDUM**

Now pending is pro se Petitioner Michael Frasier's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The papers adequately present the issues, so no evidentiary hearing is necessary. See United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required…on a § 2255 motion if the record conclusively shows that petitioner is entitled to no relief"). For the reasons stated below, the Court will, by separate Order, DENY the motion and DIRECT the Clerk to CLOSE the case.

**I.  Background**

On June 20, 2006, Frasier pled guilty to conspiracy to possess with intent to distribute over five kilograms of heroin in violation of 21 U.S.C. § 846. At sentencing, the Court determined the appropriate guideline range to be 292 to 365 months imprisonment based on a total offense level of 36 and a criminal history category V. Draft Hrg. Tr. 25, 32, Aug. 1, 2007.[1] At the sentencing, the Government recommended a potentially variant sentence of 235 to 293

---

[1] In reviewing the sentencing transcript, the Court discovered that the Judgment reflects an incorrect guidelines range. The Court will issue an amended Judgment pursuant to Federal Rule of Criminal Procedure 36 to remedy this clerical error. As explained below, this clerical error is irrelevant to Frasier's current incarceration because he received a variant sentence.

months.[2]  Id. at 32.  In doing so, the Government recognized that any sentence under 292 months would be a variant sentence outside of the advisory sentencing guidelines system.  Id.

This Court sentenced Frasier to 235 months imprisonment.  Frasier's 235 month sentence was at the low end of the variant range recommended by the Government and between 57 and 130 months shorter than advised by the sentencing guidelines.  Frasier did not appeal his sentence.

On August 8, 2008, Frasier filed the instant motion to correct his sentence.  In his motion, Frasier argues his sentence is incorrect for three reasons.  (1) His counsel was ineffective for failing to object to the inclusion of two convictions in the calculation of his criminal history category.  (2) The Court relied on a purportedly inaccurate presentence report (PSR) in violation of his Eighth Amendment rights.  (3) The Court's finding that Frasier was on probation at the time of the instant offense, thus increasing his total offense level by two points, was a violation of his Sixth Amendment right to a jury trial.

**II.    Analysis**

Since Frasier did not challenge his sentence on direct appeal, his ability to collaterally challenge his sentence now is severely constrained.  Frasier also faces a second hurdle in his petition.  Frasier's three challenges to his sentence have a common flaw: they challenge his sentence as if it were a mandatory, pre-Booker guidelines sentence.  It was not.  Frasier received a variant sentence.

A variant sentence means that it was outside of the United States Sentencing Guidelines system, as authorized by the United States Supreme Court in United States v. Booker, 543 U.S.

---

[2] At the arraignment, the Government represented that it would request a sentence of between 235 and 293 months imprisonment.  Hrg. Tr. 15, June 20, 2006.  Though this recommendation is not contained in the operative June 14, 2006 plea agreement, the Government represented that it was a condition of the plea agreement.  Id.

220 (2005). In Booker, the Court held that the sentencing guidelines were advisory only, and freed courts to craft sentences outside of the guidelines system. Because Frasier received a sentence outside of the guidelines system, any errors in calculating his guidelines sentence worked him no prejudice. Nevertheless, the Court will address and reject each challenge in turn.

**A.      Ineffective Assistance of Counsel**

To state a claim for ineffective assistance of counsel, Frasier must meet a two prong test. First, Frasier must show that his counsel's performance was not "within the range of competence normally demanded of attorneys in criminal cases." Strickland v. Washington, 466 U.S. 668, 687 (1984). Second, Frasier must show that he was prejudiced by his counsel's performance. Id. A showing of prejudice requires counsel's performance to be so deficient that the "result of the proceeding was fundamentally unfair or unreliable." Lockhard v. Fretwell, 506 U.S. 364, 369 (1993). Frasier cannot make the necessary showing.

Frasier first claims his counsel was ineffective for failing to object to inclusion of two specific convictions in his criminal history category calculation. The first conviction was in the Circuit Court for Baltimore City for possession with intent to distribute heroin arising from his arrest on October 28, 1999. PSR at ¶ 26. Frasier claims that because he pled guilty to a conspiracy to distribute heroin which ran from 1996 through 2005, his prior Baltimore City conviction was part of the instant offense, so improperly included in his criminal history category calculation.

This argument must be rejected on several grounds. First, Frasier's attorney did object to the inclusion of this conviction and argued strenuously on this exact point. Draft Hrg. Tr. 26-30, Aug. 1, 2007. Even prior to sentencing, his attorney filed seven written objections to the presentence report, the fifth of which objected to the inclusion of this conviction in Frasier's

3

criminal history category calculation.  PSR, Objections at 2.  The probation officer modified the presentence report to reflect many of these objections.

Second, despite this objection, the conviction was properly included in Frasier's criminal history category calculation.  The indictment did not charge Frasier's October 28, 1999 conduct as an overt act in the conspiracy.  As discussed in open court during the sentencing, this prior conviction involved different people unrelated to the instant conspiracy and occurred in a different part of town.  Accordingly, that prior sentence was "for conduct not part of the instant offense" pursuant to U.S.S.G. § 4A1.2(a)(1) and application note 1, and correctly added two points to Frasier's criminal history calculation because he was imprisoned for 74 days on that charge.  See U.S.S.G. § 4A1.1(b) (adding two points to each prior sentence of imprisonment of between 60 and 365 days).

Next, Frasier also claims his counsel was ineffective for failing to object to the inclusion of a different prior conviction for cocaine possession in the calculation of his criminal history category.  On June 6, 2000, Frasier was arrested for possession of cocaine.  PSR ¶ 29.  He was found guilty of that offense by the Circuit Court for Baltimore City and sentenced to time served, which was 74 days.  Id.

This argument cannot be sustained either.  At sentencing, Frasier's attorney did argue that the prior conviction for cocaine should be considered relevant conduct in the instant offense, not a prior conviction.  Hrg. Tr. 27-30, Aug. 1, 2007.  The Court rejected this argument because the arrest and conviction was for simple possession of cocaine.  His conviction in the instant case was for conspiracy to possess with intent to distribute substantial amounts of heroin.  As above, Frasier was imprisoned for 74 days on this conviction, which correctly translates into two criminal history points.  See U.S.S.G. § 4A1.1(b).

4

Accordingly, Frasier's attorney was not ineffective as he did, in fact, object to the prior convictions raised now by Frasier. Neither did Frasier suffer any prejudice since the prior convictions were properly counted.

**B.     Reliance on Purportedly Inaccurate Presentence Report**

Frasier claims his Eighth Amendment rights were violated because the Court relied on the presentence report, which was purportedly inaccurate. Frasier must show ineffective assistance of counsel or actual innocence to challenge his conviction. United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). He cannot meet this standard since his counsel was adequate, as explained above.

**C.     Right to Jury Trial Violated by Court's Fact-finding at Sentencing**

Frasier's criminal history category was increased by two points pursuant to U.S.S.G. § 4A1.1(d), which directed the increase because the Court found that the defendant committed the instant offense while, inter alia, on probation for another offense. Because Frasier did not raise this issue on direct appeal, he cannot raise it now.

Even so, the Fourth Circuit has held that "it is well-settled that a sentencing judge may, indeed frequently must, make findings of fact in order to appropriately calculate the advisory guidelines range." United States v. Harvey, 532 F.3d 326, 337 (4th Cir. 2008); United States v. Battle, 499 F.3d 315, 322-23 (4th Cir. 2007). Accordingly, Frasier cannot state a constitutional violation.

**IV.     Conclusion**

For the foregoing reasons, the Court will, by separate Order, DENY Frasier's 28 U.S.C. § 2255 motion and DIRECT the Clerk to CLOSE the case.

Mr. Frasier, should you choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, you are ADVISED that you must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny certification, you may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

Dated this 30th day of April, 2009.

                            _____/s/_____
                            Benson Everett Legg
                            Chief Judge
                            United States District Court